BUNKER HILL TOWNSHIP v GOODNOE

Docket No. 65772. Submitted March 7, 1983, at Lansing.—Decided May 17, 1983. Leave to appeal applied for.

Bunker Hill Township filed a complaint in Ingham Circuit Court against Ronald Goodnoe, Terry Winnie and Kathy Penrod, alleging that a mobile home owned by Winnie and Penrod violated a zoning ordinance because it did not meet the minimum square footage requirement nor the minimum width requirement for mobile homes. The mobile home was situated on property owned by Ronald Goodnoe, which he rented to Winnie and Penrod. Defendants filed an answer alleging that the ordinance was arbitrary and discriminatory, had no basis in public health, safety or general welfare, and violated defendants' rights to equal protection of the laws. The court, Thomas L. Brown, J., found that the zoning ordinance was valid and enjoined future violations of the ordinance by defendants. Defendants appeal. *Held:*

1. It cannot be said that the ordinance is an unreasonable exercise of the township's police power. The ordinance comports with general industry standards regarding the construction of mobile homes for residential purposes and the ordinance applies only to mobile homes moved into the township after the effective date of the ordinance.

2. The ordinance is reasonably related to a legitimate governmental interest in assuring the compatability and relative uniformity of site-built and mobile-home housing. For that reason, the demarcation between mobile homes of different widths is reasonable and does not violate the appellants' rights to equal protection of the laws.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps §§ 13, 14.

Validity of zoning or building regulations restricting mobile homes or trailers to established mobile home or trailer parks. 17 ALR4th 106.

Use of trailer or similar structure for residence purposes as within limitation of restrictive covenant, zoning provision, or building regulation. 96 ALR2d 232.

ZONING — MOBILE HOMES — CONSTITUTIONAL LAW — POLICE POWER
— DUE PROCESS.

> A municipality need not permit all mobile homes, regardless of
> size, appearance, quality of manufacture, or manner of installa-
> tion on the site, to be placed in all residential neighborhoods;
> however, if a particular mobile home is to be excluded from
> residential areas which are not designated as mobile-home
> parks, it must be because it fails to satisfy standards designed
> to assure that the mobile home will compare favorably with
> other housing that would be allowed on that site, and not
> merely because it is a mobile home.

*Cohl, Salstrom, Stoker, & Aseltyne, P.C.* (by
*Larry A. Salstrom),* for plaintiff.

*David A. Williams,* for defendants.

Before: M. J. KELLY, P.J., and GRIBBS and R. L.
TAHVONEN,* JJ.

R. L. TAHVONEN, J. Appellants, Ronald Goodnoe,
Terry Winnie and Kathy Penrod, appeal as of
right a finding by the Ingham County Circuit
Court that a zoning ordinance enacted by Bunker
Hill Township is valid. Premised upon that find-
ing, the lower court had enjoined future violations
of the ordinance by the appellants.

The ordinance in question, effective September
25, 1981, provides, *inter alia,* that future single
family residences, including mobile homes, must
have floor space of at least 720 square feet and a
minimum exterior side-to-side or end-to-end dis-
tance of no less than 14 feet, except when located
in a mobile-home park. The township filed a com-
plaint on April 1, 1982, alleging that the mobile
home owned by appellants Winnie and Penrod did
not meet the minimum 720-square-foot requirement
and did not meet the 14-foot minimum width
requirement. Appellants filed an answer to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

complaint alleging that the ordinance was arbitrary and discriminatory, had no basis in public health, safety or general welfare, and violated appellants' rights to equal protection of the laws.

On June 15, 1982, a preliminary injunction was issued by the circuit court granting the relief requested by the township. An order staying execution of the preliminary injunction was entered on July 19, 1982, and the parties, by stipulation, agreed that the preliminary injunction would become final for purposes of appeal. Pursuant to that stipulation, a permanent injunction was issued on August 18, 1982, together with a stay of proceedings pending appeal. The issue before us is whether the township's zoning ordinance is a reasonable exercise of the township's power to zone and whether the township zoning ordinance, as applied, violates equal protection.

In *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), the Michigan Supreme Court struck down township regulations that limit mobile homes solely to mobile-home parks. In doing so the Court noted:

"We add, however, that a municipality need not permit all mobile homes, regardless of size, appearance, quality of manufacture or manner of onsite installation, to be placed in all residential neighborhoods. A mobile home may be excluded if it fails to satisfy reasonable standards designed to assure favorable comparison of mobile homes with site-built housing which would be permitted on the site, and not merely because it is a mobile home." *Knoll,* p 310.

Underlying its decision in *Knoll, supra,* was the Supreme Court's recognition that:

"The mobile home today can compare favorably with

site-built housing in size, safety and attractiveness. To be sure, mobile homes inferior in many respects to site-built homes continue to be manufactured, but the assumption that all mobile homes are different from all site-built homes with respect to criteria cognizable under the police power can no longer be accepted." *Knoll,* p 313.

In the present case, Bunker Hill Township has legislatively mandated that from and after September 25, 1981, all site-built homes constructed and all mobile homes located within the township would have a floor area of no less than 720 square feet and a width or length dimension of no less than 14 feet. Such a requirement is, in our view, a reasonable exercise of the township's police power to insure that mobile homes compare favorably in size with site-built housing situated within the township. The result of the ordinance is to insure that mobile homes utilized within the township are compatible with site-built housing by unifying the standards applicable to both. Further, it has been alleged and not controverted that prevailing industry standards for the construction of mobile homes are consistent with and reflected in the requirements of the ordinance. That is to say, the mobile home industry constructs 14-foot-wide mobile homes with a minimum square footage of 720 square feet as an industry standard. Construction of 12-foot-wide mobile homes is limited. Thus, the ordinance comports with general industry standards regarding the construction of mobile homes for residential purposes.

Further, the ordinance in question applies only to mobile homes moved into the township or located within the township after the effective date of the ordinance. Any mobile home which failed to comply with the ordinance but which was situated

within the township at the time the ordinance was adopted is not governed by its provision.

In light of these considerations it cannot fairly be said that the ordinance is an unreasonable exercise of the township's police power.

With regard to appellant's claim that the ordinance violates equal protection, it is of course obvious that the ordinance does distinguish between mobile homes which meet its requirements and those which do not. In light of the industry standards noted above, the significance of compatibility between mobile-home housing and site-built housing and the provision of the ordinance permitting continued use of pre-existing 12-foot-wide mobile homes, it cannot be said that the ordinance has no rational basis. The ordinance as structured is reasonably related to a legitimate governmental interest in assuring the compatibility and relative uniformity of site-built and mobile-home housing. For that reason, the demarcation between 12-foot-wide and 14-foot-wide mobile homes is reasonable and does not violate the appellants' rights to equal protection of the laws.

Affirmed. Costs to appellees.