GACKLER LAND COMPANY, INC v YANKEE SPRINGS
TOWNSHIP

Docket No. 67022. Submitted December 9, 1983, at Grand Rapids.—
Decided October 2, 1984. Leave to appeal granted, 422 Mich 856.

Gackler Land Company, Inc., brought an action in Barry Circuit
Court against Yankee Springs Township, alleging that the
remaining lots in a platted development owned by plaintiff
should be free from the township zoning ordinance restrictions
relative to the placement of mobile homes on those lots either
on the basis that the township was obligated to permit place-
ment of mobile homes on those lots as nonconforming uses or
that the mobile homes restrictions of the ordinance were unen-
forceable. Payne Lake Association was permitted to intervene
as a defendant. At the time plaintiff's land was platted in 1969,
the zoning ordinance in effect was the Barry County zoning
ordinance. Under the county zoning ordinance the placement of
mobile homes on the subject land was permitted. In 1972,
Yankee Springs Township adopted a township zoning ordi-
nance. Under the township zoning ordinance as originally
adopted, mobile homes were restricted to two zoned mobile
home parks and were prohibited in all other areas of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning §§ 357, 358.
[2, 4] 82 Am Jur 2d, Zoning and Planning §§ 14, 15, 27.
[3] 82 Am Jur 2d, Zoning and Planning § 25.
[5, 7] 82 Am Jur 2d, Zoning and Planning § 36.
[6] 5 Am Jur 2d, Appeal and Error § 822.
[7] 82 Am Jur 2d, Zoning and Planning § 13.
[8] 82 Am Jur 2d, Zoning and Planning § 41.
  Aesthetic objectives or considerations as affecting validity of zoning
  ordinance. 21 ALR3d 1222.
[9] 13 Am Jur 2d, Buildings § 12 et seq.
[9, 10] 54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist
  Camps §§ 13, 14.
  Validity of zoning or building regulations restricting mobile homes
  or trailers to estalished mobile home or trailer parks. 17 ALR4th
  106.
  Validity and application of zoning regulations relating to mobile
  home or trailer parks. 42 ALR3d 598.
[10] 82 Am Jur 2d, Zoning and Planning § 103.

township except as a nonconforming use. Plaintiff sought to have the remaining unsold backlots in its plat designated as a nonconforming use area on the basis that it had undertaken development of the plat prior to the adoption of the township zoning ordinance and that the township had approved the plat in 1969 with knowledge that mobile homes were permitted on the back lots. When the township denied the petition to designate the remaining unsold backlots as a nonconforming use area, plaintiff commenced its action challenging the denial of that petition and the enforceability of the mobile home restrictions of the ordinance. In 1980, following a trial, the trial court, Richard Robinson, J., entered judgment in favor of defendants. Plaintiff moved for a new trial. The township amended its zoning ordinance to provide for the placement of mobile homes and modular homes in areas of the township other than in a designated mobile home park providing that the mobile home satisfied the definition of a dwelling contained in the ordinance. To be considered to be a dwelling within the meaning of the ordinance, a structure was required to have a minimum area of 720 square feet, have a minimum exterior side length of 24 feet, be attached to a solid foundation without wheels, chassis or towing mechanism showing, and be aesthetically compatible with the design and appearance of conventional on-site constructed homes. The amended ordinance further required that mobile homes used in the area zoned for the best residential housing must have a gable type roof, a garage and landscaping similar to a majority of the houses within 1000 feet of the mobile home if those houses had those features. The amended ordinance also required that owners of all mobile homes located outside of a mobile home park were required to secure a special use permit. The trial court again held that plaintiff had not shown either sufficient preparation of the plat prior to the adoption of the township zoning ordinance or knowledge by the township at the time of its approval of the plat of plaintiff's intent to sell those lots for mobile-home use so as to require the township to grant to the plaintiff a nonconforming use status for the unsold backlots. The court further held that plaintiff should not prevail on its claims that the zoning ordinance was confiscatory and that the state and federal government had pre-empted the power to regulate where mobile homes might be used. The court did, however, hold that the provisions of the amended ordinance which required the securing of a special use permit and placed additional requirements upon the use of a mobile home which were not required of any other dwelling were unenforceable. Plaintiff appealed. Defendant township cross-appealed. *Held:*

1. The trial court's finding that the township was not aware

at the time it approved the plat of plaintiff's intent to permit the use of mobile homes on the platted backlots is supported by the evidence.

2. Since the actions undertakeu to develop the plat were consistent with either the use of mobile homes or conventional homes, the development of the plat does not give rise to a vested right in plaintiff to sell the backlots free from the subsequently adopted zoning restrictions.

3. The evidence supports the trial court's finding that the zoning restrictions did not result in such a loss of value to property as to constitute confiscation of plaintiff's property interests.

4. National and state acts directed a mobile home safety and construction standards do not pre-empt the power of local units of government to regulate where a mobile home may be placed, since those acts are not conc erned with land use.

5. The minimum width requirement in the township zoning ordinance was a proper exercise of the township's power to zone.

6. The cross-appeal is waived by reason of the failure to brief the issue.

Affirmed.

1. ZONING — FINDINGS OF FACT — APPEAL.

Findings of fact by a trial court in an action challenging a zoning ordinance will not be overturned on appeal unless the Court of Appeals, after *de novo* review of the trial court record, is convinced that it would have arrived at a different result had it been in the position of the trial court.

2. ZONING — CONSTITUTIONAL LAW.

A successful challenge of a zoning ordinance on the basis that it is unconstitutional requires a plaintiff to prove either that there is no reasonable governmental interest being advanced by the zoning classification itself, or that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

3. ZONING — PRESUMPTION OF VALIDITY.

A zoning ordinance comes to the courts clothed with every presumption of validity.

4. ZONING — BURDEN OF PROOF — REASONABLENESS.

The party attacking a zoning ordinance has the burden to prove affirmatively that the ordinance is an arbitrary and unreason-

able restriction upon the owner's use of property; it must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.

5. Zoning — Reasonableness.

An aggrieved property owner, to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on the property preclude its use for any purposes to which it is reasonably adapted.

6. Equity — Appeal.

Considerable weight is given by an appellate court to the findings of the trial judge in equity cases.

7. Zoning — Confiscation of Property.

A claim that a zoning ordinance is confiscatory as applied to a plaintiff's property is not proven by showing a disparity in value between uses.

8. Zoning — Aesthetics.

Aesthetics is a proper concern of a zoning scheme.

9. Zoning — Construction Codes — Pre-Emption.

The National Manufactured Housing Construction and Safety Standards Act, the Michigan State Construction Code, and the Michigan Mobile Home Commission Act do not pre-empt local units of government from enacting zoning ordinances which contain restrictions as to the types of mobile homes and manufactured housing which may be placed in particular locations, since each of the those acts is involved in construction standards for safety purposes rather than land use (42 USC 5401 *et seq.;* MCL 125.1501 *et seq.,* 125.1101 *et seq.;* MSA 5.2949[1] *et seq.,* 19.855[1] *et seq.).*

10. Zoning — Mobile Homes — Constitutional Law — Police Power — Due Process.

A municipality need not permit all mobile homes, regardless of size, appearance, quality of manufacture, or manner of installation on the site, to be placed in all residential neighborhoods; however, if a particular mobile home is to be excluded from residential areas which are not designated as mobile-home parks, it must be because the mobile home fails to satisfy standards designed to assure that the mobile home will compare favorably with other housing that would be allowed on that site, and not merely because it is a mobile home.

*Siegel, Hudson, Gee, Shaw & Fisher* (by *James H. Fisher*), for plaintiff.

*Bauckham, Reed, Land, Schaefer & Travis, P.C.* (by *Richard L. Lang*), for Yankee Springs Township.

*Law, Weathers & Richardson* (by *Robert W. Richardson*), for Payne Lake Association.

Before: R. M. MAHER, P.J., and R. B. BURNS and J. G. ROSKOPP,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's judgment upholding defendant township's amended zoning ordinance against constitutional and pre-emption challenges and from the court's ruling that plaintiff had not established a valid nonconforming use. Defendant township has filed a cross-appeal from a portion of the trial court's judgment which invalidated amendments to the zoning ordinance which required that before a mobile home could be placed in any location other than a mobile-home park a special use permit must be secured; however, the township has not briefed that issue.

Plaintiff purchased 103 acres of land around Payne Lake in 1965. At that time, the land in defendant township was subject to the Barry County zoning ordinance. The land was partially platted in 1967 or 1968, during which time work in the nature of surveying, grading, erecting monuments, paving a road and excavating for drainage was performed on the land. After the platting, sewer lines were installed on some portions of the plat. The sewer was not extended to the whole plat because plaintiff did not so request. The lot sizes

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were suitable for conventional site-built homes or mobile homes, and the plat consisted of 54 numbered lots and 12 outlots, lettered A-L.

Defendant township approved the plat in April, 1969. Restrictions were drawn up which excluded the placement of mobile homes on lots 1 through 12, which are the lakefront lots. The plat and restrictions were recorded with the county register of deeds in November, 1969. Although Roy Gackler, sole shareholder of plaintiff, testified that defendant township had approved the restrictions as well as the plat, the minutes of the meeting at which the plat was approved do not make any mention of the restrictions. The trial court found that the restrictions permitting mobile homes on all but the lakefront lots had not been approved by defendant township when it approved the plat, that those restrictions were effective only as covenants between plaintiff and the lot owners and that the restrictions were not binding on the township. The court subsequently stated that, "with regard to the issue of nonconforming uses, this court found that plaintiff had no vested interest that would allow the placement of mobile homes on the remaining lots as non-conforming uses".

Following final approval of the plat, plaintiff started selling lots. Through 1972, eleven mobile homes had been moved onto lots in the plat. The non-lakefront lots sold for approximately $1,500-$1,700, and Roy Gackler testified that, prior to 1972, there was no problem selling them.

In 1972, defendant township enacted an interim zoning ordinance which restricted mobile homes to mobile home parks. At that time, there were approximately 80 mobile homes outside of mobile-home parks and two mobile-home parks in the township, one with 43 sites and one with 117 sites. Throughout the township, residential usage was

primarily seasonal. Much of the township is rural, there are many lakes, and most of the residential development is on or near lakes. In 1979, a piece of property owned by Charles Kuhtic was rezoned for use as a mobile-home park with 12 sites.

In July, 1981, defendant township amended its zoning ordinance to provide in part that mobile homes meeting the definition of "dwelling" were allowed in any zoning classification where modular or custom built single-family residences were allowed. The amended ordinance defined "dwelling" as follows:

"1. It complies with the minimum square footage requirements [720 square feet].

"2. It has a minimum width along any exterior side elevation of 24 feet and a minimum internal height of seven and one-half feet.

"3. It is firmly attached to a solid foundation constructed on the site in accordance with the township building code, which shall be a fully enclosed basement or crawl space, * * *.

"4. It does not have exposed wheels, towing mechanisms, undercarriage or chassis.

"5. The dwelling is connected to a public sewer and water supply or to such private facilities approved by the local health department.

"6. The dwelling contains storage area(s) either in a basement located under said dwelling, in an attic area, in a closet area or in a separate fully enclosed structure on the site, * * * equal to not less than 15% of the interior living area of the dwelling.

"7. The dwelling is aesthetically compatible in design and appearance to conventionally on-site constructed homes * * *.

"8. The dwelling contains no additions of rooms or other areas which are not constructed with similar materials and are similar in appearance and with similar quality of workmanship as in the original structure * * *.

"9. The dwelling complies with all pertinent building and fire codes * * *."

Other amendments established additional conditions where mobile homes were being placed in the best residental zoning classifications in the township. Those conditions applied only to mobile homes, not to site-built homes. They included the following:

"B. Is compatible in appearance with a custom built home.

"C. Is compatible in appearance with homes within 1,000 feet of the location or proposed location of the mobile home and in this regard, if the majority of homes within 1,000 feet, other than those that exist as nonconforming uses, have any of the following features, the mobile home and mobile home site shall also have such features which are present in said nearby homes:

"1. Gable-type roof.

"2. Garage.

"3. Similar landscaping.

"The planning commission may require other regulations * * * including such provisions as aesthetics, insulation, adequacy of plumbing and electrical work, size of living space, protection from wind storm damage and quality of manufacture. Furthermore, * * * if the home has evidence of substantial deterioration * * *, the special exception permit may be revoked by the planning commission, * * *."

In addition, all mobile homes located outside of a mobile-home park were required to have special use permits.

Plaintiff challenged the amended ordinance on the basis that it was unconstitutional both on its face and as applied to plaintiff and on the basis that regulation of mobile-home use had been preempted in part by state and federal law. Plaintiff also claimed that it had established a prior valid

nonconforming use as a "mobile home plat". The trial court, after a bench trial, upheld the ordinance's definition of "dwelling", but invalidated the requirements that all mobile homes have a special use permit and that mobile homes in the best residential areas comply with standards not imposed on modular or site-built homes. The ordinance was found to be constitutional as applied to plaintiff. In addition, the trial court rejected plaintiff's claims that it had established a prior valid nonconforming use and that portions of the zoning ordinance were pre-empted by state and federal law.

On appeal, plaintiff first argues that the trial court erred by deciding that plaintiff had not established a vested nonconforming use as a mobile-home plat for more than the 11 mobile homes which were in place prior to 1972, even though at the time the 1972 township zoning ordinance was adopted plaintiff had already built a road, surveyed the plat, erected monuments, and completed grading and excavation work, and 11 mobile homes had been installed. Plaintiff also contends that defendant township knew of, and had in effect approved of, plaintiff's proposed plat restrictions. Finally, plaintiff urges us to view its property as an entire plat, rather than as individual lots in close proximity.

However, even when we view the property as a plat, we do not agree that a vested nonconforming use as a *mobile home* plat has been established. The trial court specifically found that defendant township approved plaintiff's plat without being aware of the restrictions permitting mobile homes on all but the lakefront lots; our *de novo* review of the record does not convince us that we would have arrived at a different result had been in the position of the trial court. *Biske v City of Troy,*

381 Mich 611; 166 NW2d 453 (1969). Between the approval of the plat and the enactment of the interim ordinance, 11 mobile homes and 1 conventional home had been placed on the lots. The lot sizes were suitable for either conventional or mobile homes. In addition, since 1972, other conventional homes have been built. Thus, even the development of the property suggests that it was not a "mobile home plat". Finally, the construction that was done on the property prior to 1972 (grading of the land, erection of monuments, excavation for drainage, and paving of a road) was, and is, equally suitable for use of the property as a "conventional home" plat and does not rise to the level of "work of a substantial character done by way of preparation for an actual use of the premises" as a mobile home plat. *Bloomfield Twp v Beardslee,* 349 Mich 296, 307; 84 NW2d 537 (1957).

Plaintiff next argues that the trial court erred by ruling that the zoning ordinance was constitutional as applied to plaintiff. According to plaintiff, the minimum width requirement for dwellings effectively amounts to confiscation of its property because plaintiff has been and will be unable to sell its lots for the asking price of $3,500 unless single-wide mobile homes are permitted on the property. The minimum width requirement is especially unreasonable, according to plaintiff, because of the presence on the plat of the 11 single-wide mobile homes.

In reviewing the first claim, we are guided by the standards set forth in *Ed Zaagman, Inc v Kentwood,* 406 Mich 137, 153-154; 277 NW2d 475 (1979), quoting *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976):

"The important principles require that for an ordinance to be successfully challenged plaintiffs prove:

" '[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself * * * or

" '[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.'

"The four rules for applying these principles were also outlined in *Kropf* [391 Mich 139; 215 NW2d 179 (1974)]. They are:

"1. '[T]he ordinance comes to us clothed with every presumption of validity.'

"2. "[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * *. It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.'

"3. 'Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.'

"4. 'This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases.' " (Citations omitted.)

Application of these standards to plaintiff's claim of confiscation persuades us that the trial court correctly rejected the claim. A showing of confiscation is not justified by showing a disparity in value between uses. *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957). In *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976), the Supreme Court did not find confiscation, even though the value of the land as a mobile-home park was found to be greater than its value if used for site-built homes. In this case, although plaintiff presented evidence that the lots could be sold for the asking price of $3,500 if the

buyers could use single-wide mobile homes, there was contradictory testimony that the lots were far overpriced and that the lots could be (and had been) used for modular and custom-built homes. We find that plaintiff did not meet its burden of proof.

We also agree with the trial court's modified opinion which found that the minimum-width requirement was not unconstitutional as applied to plaintiff.[1] First, aesthetics is a proper concern of zoning. *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146; 17 ALR4th 79 (1981). Second, this case is distinguishable from *Zaagman, supra,* because, in *Zaagman,* the plaintiff proved that the cost of developing the property under the zoning ordinance would equal any potential sales return. Here, plaintiff can develop the property and put it to an alternative reasonable use, even though plaintiff may not profit as much from the alternative use. Plaintiff has thus failed to prove that no reasonable governmental interest is advanced by the zoning classification or that the ordinance is unreasonable.

Plaintiff next argues that the trial court improperly held that the zoning ordinance was not preempted by state or federal law. We disagree. The National Manufactured Housing Construction and Safety Standards Act, 42 USC 5401 *et seq.,* the State Construction Code, MCL 125.1519, 125.1520; MSA 5.2949, subds (19), (20), and the Mobile Home Commission Act, MCL 125.1101 *et seq.;* MSA 19.855(1) *et seq.,* were designed to provide for minimum construction standards for safety pur-

---

[1] Contrary to plaintiff's assertion on appeal, the trial court's opinion does not agree with plaintiff's contention that the existence of 11 single-wide homes in the plat renders the ordinance unreasonable as to plaintiff. The opinion to be reviewed by this Court is the trial court's modified opinion issued on August 31, 1982, not the original opinion.

poses. The acts do not deal with the question of proper land use, which is the interest involved in zoning laws. We therefore affirm the trial court's holding on this issue.

We also disagree with plaintiff's claim that defendant township's zoning ordinance is invalid under the Mobile Home Commission Act because defendant township failed to submit its regulations to the Mobile Home Commission for its approval as required by the Mobile Home Commission Act. Plaintiff's property does not fit within the definition of a mobile-home park provided by that act.

Plaintiff lastly contends that the zoning ordinance is unconstitutional on its face because there is no reasonable basis for excluding single-wide mobile homes from areas other than mobile-home parks. The trial court found that there was a reasonable basis under the police power for the regulations which, in effect, excluded single-wide mobile homes from plaintiff's plat. We agree. In *Robinson Twp v Knoll, supra,* the Supreme Court specifically noted:

"We add, however, that a municipality need not permit all mobile homes, regardless of size, appearance, quality of manufacture or manner of onsite installation, to be placed in all residential neighborhoods. A mobile home may be excluded if it fails to satisfy reasonable standards designed to assure favorable comparison of mobile homes with site-built housing which would be permitted on the site, and not merely because it is a mobile home." 410 Mich 310.

Here, defendant township presented evidence that its regulations were designed to promote compatibility and relative uniformity of site-built and mobile home housing. This is a permissible goal and was reasonably furthered by the regulations. See *Bunker Hill Twp v Goodnoe,* 125 Mich App

794, 797; 337 NW2d 27 (1983). We therefore affirm the trial court on this question.

As stated earlier in our opinion, defendant township filed a cross-appeal from the portion of the trial court's judgment which invalidated amendments to the zoning ordinance. Defendant township has failed to brief this issue before this Court and has therefore waived the issue.

Affirmed.