WALTER ZILINSKY, PLAINTIFF-RESPONDENT, v. ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF VERONA, DEFENDANT, AND THE BOROUGH OF VERONA, DEFENDANT-APPELLANT.

Argued November 17, 1986—Decided March 12, 1987.

*Michael A. DeMiro* argued the cause for appellant (*Michael A. DeMiro,* attorney; *Alexander J. Graziano,* on the brief).

*Joseph P. Castiglia* argued the cause for respondent.

The opinion of the Court was delivered by

O'HERN, J.

This case concerns the validity of a structural design feature of a local zoning ordinance that required every one-family dwelling to have a minimum of two off-street parking spaces, one of which had to be in a garage. The lower courts held that the garage requirement in a residential zone was an arbitrary and unreasonable exercise of the zoning power and directed the local zoning officials to issue a certificate of occupancy for the conversion of the garage to a recreation room that respondent had undertaken without first obtaining a variance and building permit. We disagree and hold that provision for an on-site garage space as a structural requirement in this zone of the community is a valid exercise of the zoning power.

## I.

The respondent, Walter Zilinsky, is the owner of a single-family home located in the Borough of Verona. The home is in an R-3 (single-family) zoning district. The applicable zoning provisions require that every one-family dwelling must have a minimum of two off-street parking spaces, one of which must be in a garage.

In 1983, respondent, Zilinsky, converted the attached garage of his residence into a recreation room, thereby preventing the storage of a car. After conversion of the garage, respondent applied to the Zoning Board of Adjustment for a variance after the building inspector granted a certificate of occupancy conditioned on obtaining a variance. The Zoning Board denied the variance on the grounds that respondent failed to prove sufficient hardship.

Thereafter respondent filed suit against the Zoning Board in the Law Division. After the municipality was joined as a defendant, the court found that "the ordinance is unconstitutional because it imposes excessive restrictions on [respondent's] use of his property, restrictions that bear no substantial relationship to the goals that the Borough seeks to achieve." Moreover, the trial court noted that the ordinance was especially defective in its failure to "mandate that an automobile ever be parked in the garage." Therefore, it ordered the words "1 of which shall be in a garage" stricken from the ordinance. The merits of the variance denial, however, were not addressed in the opinion.

Defendants Borough of Verona and the Zoning Board then appealed to the Appellate Division. In an unpublished opinion, the Appellate Division affirmed the trial court judgment, adding that a zoning ordinance "must articulate tangible, specific objectives promoted by the ordinance" in order to be valid.

This Court granted Verona's petition for certification, 104 *N.J.* 466 (1986).

## II.

We must begin by recalling the limits on judicial power in this area:

The role of the judiciary in reviewing zoning ordinances adopted pursuant to the statutory grant of power is narrow. The court cannot pass upon the wisdom or unwisdom of an ordinance, but may act only if the presumption in favor of the validity of the ordinance is overcome by an affirmative showing that it is unreasonable or arbitrary. *Kozesnik v. Township of Montgomery*, 24 *N.J.* 154, 167 (1957); see Cunningham, "Control of Land Use in New Jersey," 14 *Rutgers L.Rev.* 37, 48 (1959). By these standards which control judicial review, the plaintiff to prevail must show beyond debate that the township in adopting the challenged ordinance transgressed the standards of *R.S.* 40:55–32 [now *N.J.S.A.* 40:55D–62, –65, and –67]. In other words, if the amendment presented a debatable issue we cannot nullify the township's decision that its welfare would be advanced by the action it took. [*Vickers v. Gloucester Township*, 37 *N.J.* 232, 242 (1962), *cert. denied*, 371 *U.S.* 233, 9 *L.Ed.*2d 495 (1963).]

Although the concept of advancing the "general welfare" has been given an "expansive interpretation by both this Court and the United States Supreme Court," *Taxpayers Ass'n of Weymouth Township v. Weymouth Township*, 80 *N.J.* 6, 21 (1976), *appeal dismissed* and *cert. denied sub nom. Feldman v. Weymouth Township*, 430 *U.S.* 977, 52 *L.Ed.*2d 373 (1977), we need go no further in this case than to satisfy ourselves that the ordinance "advance[s] one of the several purposes specified in the enabling statute." 80 *N.J.* at 21. This adherence to legislative mandate stems from the nature of the zoning power. Zoning is inherently an exercise of the State's police power. Consequently, "ordinances adopted under the Municipal Land Use Law must be consistent with the standards accompanying the grant of power." *Lusardi v. Curtis Point Property Owners Ass'n*, 86 *N.J.* 217, 226 (1981) (citing *Taxpayers Ass'n of Weymouth Township, supra*, 80 *N.J.* 6).

One of the basic purposes of zoning is to regulate the design of structures with respect to specific zones.

[T]he relevance of architectural structure, as well as the use of property, is particularly appropriate in the context of municipal land-use regulation, which concerns itself with the use and physical characteristics of land. *See* 8 *McQuillan, Municipal Corporations* (3d ed.) § 25.01 at 6.7; *id.* § 25.17 at 48; 1 *P. Rohan, Zoning and Land Use Controls*, at 1–6, 7 (Bender Pub.1984). [*State v. Cameron*, 100 *N.J.* 586, 596–97 (1985).]

*N.J.S.A.* 40:55D–65 specifically enumerates as appropriate "contents" of a zoning ordinance the provision for "regulatory techniques governing the intensity of land use," section b, and the establishment of reasonable standards for the "provision of adequate physical improvements including, but not limited to, off-street parking." Section d.

The broader goals of the Municipal Land Use Law encompass the development of roadways that "will promote the free flow of traffic [and avoid] congestion," *N.J.S.A.* 40:55D–2 h, and the promotion of a "desirable visual environment through creative development techniques and good civic design and arrangements." *N.J.S.A.* 40:55D–2 i. Certainly such specific purposes would be embraced within the general concept of promoting the safety and general welfare of the community. *See N.J.S.A.* 40:55D–2 a.

The lower courts concluded that the ordinance did not reasonably advance any of these purposes because the ordinance did not mandate use of the garage for car storage. In other words, since the municipality did not penalize property owners who did not park a car in the garage, the ordinance did not promote any decrease in traffic congestion in the streets or improve the visual environment of the neighborhood.

We disagree that a reviewing court should take so narrow a view of the effect of an ordinance. "The judicial role in reviewing a zoning ordinance is tightly circumscribed and the ordinance enjoys a strong presumption in favor of its validity which continues unless overcome by clear showing that it is arbitrary and unreasonable." *Davidow v. Board of Adjustment, Township of South Brunswick,* 123 *N.J.Super.* 162, 166 (App.Div.1973) (citation omitted). The question is not whether the ordinance will work in every circumstance, but whether there are conceivable circumstances under which the design features will advance the general welfare. *Roselle v. Wright,* 21 *N.J.* 400, 409–10 (1956), equates the principles of unreasonableness and arbitrariness that would invalidate a local zoning

provision with the constitutional principles of due process and equal protection. A mere difference of opinion as to how an ordinance will work will not lead to a conclusion of invalidity; "no discernible reason" is the requisite standard. *Id.* at 410. In *Allendale Congregation of Jehovah's Witnesses v. Grosman,* 30 *N.J.* 273 (1959), *appeal dismissed,* 361 *U.S.* 536, 4 *L.Ed.*2d 538 (1960), in the face of first amendment challenges, we upheld an ordinance requiring off-street parking spaces even though the ordinance did not mandate use of those spaces. Even without mandating use, off-street parking is a rational means of advancing the legitimate municipal interest in decreasing traffic congestion. *Id.* at 278. "A [provision] having some reasonable basis is not invalid merely because it is not made with mathematical nicety * * * [a]nd the [provision] must be upheld if any set of facts can reasonably be conceived to support it." *David v. Vesta Co.,* 45 *N.J.* 301, 315 (1965).

■ Obviously, there will always be people for whom a garage will be a place to store bicycles, lawn mowers, or outboard motors. But in the nature of things many people will probably store their cars in the garage. This can have the good effect envisioned by the ordinance of having less cluttered streets. A car in every garage thus may not be an actuality, but it is certainly a realistic possibility. We find that the rational relationship between the means chosen to achieve the legitimate zoning purpose is "at least debatable," and therefore the ordinance is to be sustained. *Bow and Arrow Manor, Inc. v. Town of West Orange,* 63 *N.J.* 335, 343 (1973).

■ Moreover, that such a provision is a valid exercise of municipal zoning power, at least until it conflicts with an overriding constitutional imperative, appears to have been assumed in our decisional law. *See AMG Realty Co. v. Township of Warren,* 207 *N.J.Super.* 388 (Law Div.1984) (requirement that all townhouses have a private garage held to be an excessive restriction in the context of affordable housing); *Urban League of Essex County v. Township of Mahwah,* 207

*N.J.Super.* 169 (Law Div.1984) (not realistic to assume the deletion of existing garage requirement will allow erection of sufficient accessory apartments to fulfill *Mount Laurel II* obligation). It is only when that otherwise valid exercise of zoning power conflicts with a preeminent purpose of zoning that an architectural design feature must yield. Thus, the holding in *Vickers v. Gloucester Township, supra,* 37 *N.J.* 232, upholding a municipal ordinance regulating mobile home parks on the basis of aesthetic considerations, was limited in *Southern Burlington County NAACP v. Mount Laurel Township,* 92 *N.J.* 158, 276–77 (1983). But in this case there is insufficient constitutional abridgement of property or other fundamental rights. *See State v. Baker,* 81 *N.J.* 99 (1979) (ordinance prohibiting four unrelated individuals from sharing single housing unit violated constitutional right of privacy and due process); *Kirsch Holding Co. v. Borough of Manasquan,* 59 *N.J.* 241 (1971) (ordinance prohibiting "group rental" of seasonal resort living accommodations unconstitutionally overbroad); *Allendale Congregation of Jehovah's Witnesses v. Grosman, supra,* 30 *N.J.* 273 (minimal intrusion of off-street parking requirements on first amendment rights insufficient to hold ordinance unconstitutional).

It should be noted emphatically, however, that this is not a *Mount Laurel* case. There has been no issue raised concerning any relationship of this feature of the zoning ordinance to a *Mount Laurel* obligation. We refer to such cases only to confirm that such a feature is an otherwise apparently appropriate provision of the local zoning ordinance.

Plaintiffs have furnished us with no contrary precedent elsewhere to suggest that such a provision would be an invalid exercise of the zoning power absent a constitutional imperative. *See Gackler Land Co., Inc. v. Yankee Springs Township,* 138 *Mich.App.* 1, 359 *N.W.*2d 226 (1984), *aff'd,* 427 *Mich.* 562, 398 *N.W.*2d 393 (1986) (local zoning requirement of storage and garage areas could be made applicable to mobile homes).

■ We also disagree that the ordinance must articulate tangible, specific objectives promoted by the ordinance in order to be valid. Neither *State v. Miller*, 83 *N.J.* 402, 414 (1980), nor *Taxpayers Association of Weymouth Township v. Weymouth Township, supra,* 80 *N.J.* at 21, mandates such an articulation as a premise of validity. In *State v. Miller, supra,* a municipal ordinance restricted use, size, and placement of signs on residential properties. Given the first amendment implications, the Court applied strict scrutiny analysis and the burden shifted to the municipality to justify the means chosen to satisfy a compelling municipal interest. 83 *N.J.* at 414. The Court required the municipality to "demonstrate more than a mere desire to preserve property values. It [had to] show that the particular restrictions on signs in fact relate[d] to the stated goal." *Id.* at 415. The Court, however, made no mention of the need to articulate specific goals in an ordinance, and in reaching its decision the Court merely relied upon the goals argued before the Court. *See also Taxpayers Ass'n of Weymouth Township, supra,* 80 *N.J.* 6 ("Declaration of Policy" not necessary to sustain the ordinance).

■ Consequently, it is only when a fundamental right is infringed that the burden is upon the municipality to articulate the objectives of an ordinance. Moreover, that articulation need not be in the language of the ordinance; rather, the municipality may offer testimony at a court hearing held to decide the constitutionality of the ordinance. Because in this case there is no fundamental right infringed, strict scrutiny analysis is inapplicable. To sustain a constitutional attack, plaintiff must rule out any set of facts that reasonably supports the ordinance.

■ We conclude that the requirement of an on-site garage space for an automobile can serve valid zoning purposes in certain zones and cannot categorically be adjudged an arbitrary and unreasonable exercise of the zoning power.

We note that the case came to the Law Division as an appeal from the Zoning Board's denial of a variance. Only when the

Law Division indicated that it would rule adversely on the variance did respondent file an amended complaint challenging the constitutionality of the ordinance. The property owner continues to argue that notwithstanding the constitutional issue, he was still entitled to a certificate of occupancy because he either had an accessory building that met the zoning requirement or was otherwise entitled to a variance. While the record of the proceedings before the Zoning Board was not submitted to this Court, there is some indication that respondent's request was treated as an application for a "d" or use variance. Respondent argues that relief under subsection "c" is available from *any* regulation, other than restrictions on use, enacted under the zoning power. While the variance is phrased in terms of the use of the former garage space, it may also be viewed as relief from either a parking or structural design requirement. In that context he argues that the Zoning Board should have considered whether or not, in view of the asserted availability of other parking or garage space on the property, the strict enforcement of the ordinance's requirements would impose an undue hardship on respondent.

Because the trial court failed to set forth reasons in support of its ruling on the merits of the variance request that issue was left unresolved. We remand the cause to the trial court should the respondent wish to pursue further appeal. If the record is insufficient to resolve whether the application should be considered a "c" or "d" variance, it may be necessary to remand the matter to the Zoning Board for "findings of fact and conclusions based thereon." *N.J.S.A.* 40:55D–10 g.

The judgment of the Appellate Division is reversed and remanded.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.