STATE OF NEW JERSEY (BOROUGH OF PARAMUS), PLAIN-
TIFF, v. MALCOLM KONNER CHEVROLET, CERAMI
PONTIAC CORP. AND MCDONALD'S CORP., DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided May 4, 1988.

*Joseph S. DiMaria* for plaintiff (*Deborah H. Gottlieb & Joseph S. DiMaria* on the brief).

*Robert D. Curran* for defendants (*Vaccaro, Osborne, Curran & Murphy,* attorneys).

CIOLINO, A.J.S.C.

The facts which form the basis of the municipal court trial and the subsequent appeal are not in dispute. They are as follows: Defendants, Malcolm Konner Chevrolet, Cerami Pontiac Corp. and McDonald's Corp. all maintain and conduct businesses within the confines of the Borough of Paramus. Each of these defendants had erected 80-foot flag poles, from which they each admittedly flew garrison flags on their properties.

Defendant, Malcolm Konner Chevrolet, commenced flying the flag on or about October 4, 1983; defendant, Cerami Pontiac, commenced flying the flag in question in October 1984, and defendant McDonald's, on or about August 22, 1985.

On November 26, 1985, the Borough of Paramus passed a zoning ordinance, Ordinance No. 85–32 (see attached), which expressly prohibited the flying of garrison flags in the borough except on holidays or as permitted by presidential proclamation. The ordinance does permit the flying of post flags on all days. On or about July 17, 1987, the borough issued a summons to each defendant alleging that each flew a garrison flag on their premises on June 29, 1987 in violation of the borough ordinance. June 29, 1987 was, neither a recognized legal holiday, nor declared one, by presidential proclamation.

Subsequent to the issuance of the summonses, pleas of not guilty were entered in the municipal court by all three defendants and the matters were heard for trial on August 14, 1987 and August 27, 1987. Following the trial, the municipal court found all three defendants guilty of violating the borough ordinance and levied fines of $250 plus $15 costs against each defendant. Execution of the fines and costs were stayed pending appeal.

Each defendant has filed a notice of appeal alleging the unconstitutionality of the borough ordinance, and, also, questioning whether each defendant had an existing nonconforming use.

### The First Amendment Issue.

Counsel for the borough has argued that the Paramus ordinance limiting the use of the garrison flag on legal holidays serves an important governmental interest, and is a valid exercise of the municipality's police power. Counsel argues that the ordinance is not content based. In fact, quite to the contrary, he asserts that the borough encourages this type of speech, and would never attack the content of a patriotic

expression, such as the flying of the American flag. Counsel further alleges the borough ordinance, in reality, is a content neutral time, place and manner restriction.

The borough further argues that "Ordinance 85–32 was passed to curb the 'commercialization' of American flags in the interests of public safety and to prevent visibility problems and accidents occurring on the highway." The borough maintains it was also enacted to prevent businesses from flying advertisement logos and other banners on the standardized American flag pole in an effort to preserve the integrity of the American flag. It is the further position of the borough that the State has a legitimate compelling interest in preserving the integrity of the flag, not only from destruction but also in its use and display. It is alleged that the display of the garrison-size flag daily on defendants' properties, rather than only on legal holidays, would adulterate the patriotic significance of flying an American flag. The borough's position is that if this large size flag were displayed daily on defendants' properties and other private buildings, the psychological effect of seeing the garrison-size flag displayed on national holidays and other special occasions would be lost.

█ The issue is whether the borough may regulate the flying of what it considers an oversized American flag, or whether such regulation is an impermissible infringement on defendants' First and Fourteenth Amendment rights. Both at oral argument and in legal brief, counsel for the borough acknowledges that the regulated activity, the flying of the American flag, constitutes protected free speech. In *Spence v. Washington*, 418 *U.S.* 405, 94 *S.Ct.* 2727, 41 *L.Ed.*2d 842 (1974), the Supreme Court noted that "[f]or the great majority of us the flag is a symbol of patriotism, of pride in the history of our country, and of the service, sacrifice, and valor of the millions of Americans who in peace and war have joined together to build and to defend a nation in which self-government and personal liberty endure." *Id.* 418 *U.S.* at 413, 94 *S.Ct.* at 2732,

41 *L.Ed.*2d at 848; *cf. United States v. O'Brien,* 391 *U.S.* 367, 88 *S.Ct.* 1673, 20 *L.Ed.*2d 672 (1968).

■ Municipal ordinances are to be liberally construed in favor of the municipal entity and are presumed to be reasonable, with the burden of persuasion as to arbitrariness and unreasonableness placed upon the party seeking to overturn the ordinance. *N.J. Const.* (1947), Art. IV, § VII, par. 11. *See Quick Check Food Stores v. Springfield Tp.,* 83 *N.J.* 438 (1980). This standard does not apply where an ordinance infringes upon a fundamental right. *Capitol Movies Inc. v. City of Passaic,* 194 *N.J.Super.* 298 (App.Div.1984). The flying of the American flag is speech, and as such, constitutionally protected. As a result, the ordinance loses its presumption of validity and the burden of persuasion shifts from the party attacking the regulation to the party imposing the regulation. *Ibid. See also Schad v. Borough of Mount Ephraim,* 452 *U.S.* 61, 101 *S.Ct.* 2176, 68 *L.Ed.*2d 671 (1981); *United States v. O'Brien,* 391 *U.S.* 367, 88 *S.Ct.* 1673, 20 *L.Ed.*2d 672 (1968).

■ The borough argues that the ordinance in question is a valid exercise of the municipality's police power, and that it is not content-based, but rather the borough encourages freedom of speech and patriotic expression and ensures both by permitting the flying of a post flag at all times. Regulations which restrict the time, place or manner of protected speech will survive constitutional muster only if the regulation meets a three-prong test. That test is: first, the regulation must be justified without reference to the content of the regulated speech; second, the regulation must serve a significant governmental interest by the least restrictive possible means; third, the regulation must leave open ample, alternative channels for the communication of the information. *Regan v. Time, Inc.,* 468 *U.S.* 641, 647, 104 *S.Ct.* 3262, 3266, 82 *L.Ed.*2d 487, 494 (1984); *State v. Miller,* 83 *N.J.* 402 (1980).

Where, as here, a fundamental right is infringed, the burden is on the borough to specifically "articulate the objectives of the

ordinance." *Zilinsky v. Zoning Bd. of Adj. of Verona*, 105 *N.J.* 363 (1987). "[T]hat articulation need not be in the language of the ordinance; rather, the municipality may offer testimony at a court hearing held to decide the constitutionality of the ordinance." *Id.* at 371. Ordinance No. 85–32 does not contain a statement of purpose. No legislative history was presented to the court for its consideration, nor were any minutes of council meetings at which the ordinance was discussed presented for the court's review. The court was not supplied with either expert or factual testimony to support the ordinance. No records or police reports were presented concerning traffic congestion or accidents, nor evidence introduced detailing any distraction caused by the flying of these garrison flags. Counsel at oral argument stated that some residents, who resided in close proximity to one of the flags, could hear the snapping and popping of the flag as it flew on a windy day. Counsel for the borough indicated that this type of noise was a disturbance for those residential properties.

■ This court recognizes that the borough may have met the third prong of the test, in that it has left open alternative channels for communication and information, that is, that it permits the unrestricted flying of a post flag. Neither the record below, nor legal or oral arguments of counsel for the borough set forth any proofs which meet the requirements of the first two prongs of the aforementioned three-prong test. Without testimony concerning the purpose of the ordinance, this court is unable to find either that Ordinance 85–32 is content-neutral, or that it serves a significant, substantial governmental goal. All three prongs of the test must be met by an ordinance, statute or regulation which restricts the time, place or manner of protected speech.

For all of the reasons set forth above, it is the opinion of this court that Ordinance No. 85–32 must fail and be set aside. The judgment of the municipal court of the Borough of Paramus

convicting these three defendants for violation of the aforesaid ordinance is therefore reversed.

Disposition of this matter based upon constitutional grounds does not require the court to consider the zoning and nonconforming use arguments which have been directed to it.

Counsel for defendants will draw the necessary order for the court.

## APPENDIX

## BOROUGH OF PARAMUS

## COUNTY OF BERGEN

## ORDINANCE NO. 85–32

AN ORDINANCE AMENDING ORDINANCE NO. 85–29, ENTITLED, "AN ORDINANCE AMENDING AND SUPPLEMENTING ORDINANCE NO. 83–10, ARTICLE 17, SECTION 17–BN–5; ARTICLE 18, SECTION 18–UL–??; ORDINANCE NO. 84–21, SECTION I(a) AND ORDINANCE NO. 84–7, AMENDMENT 15(a) ENTITLED "LOT SIZE, DIMENSIONS, BULK AND SETBACKS."

BE IT ENACTED AND ORDAINED by the Mayor and Council of the Borough of Paramus as follows:

## SECTION I

The following Ordinances, # 83–10, Article 17, Section 17–BN–5; Article 18, Section 18–BL–6; # 84–21, Section I(a), and # 74–7, Amendment 15(a) are hereby amended and supplemented by the addition of the following:

FLAGSTAFFS

Flagstaffs may exceed maximum height requirements for all zones on the following conditions:

1. They are located on or in front of buildings which front on State Highways or within the BLL or BLLA zones within the Borough of Paramus.

2. They do not exceed 80′ in over all height as measured from mean ground level of the lot on which the flagstaff is located.

3. They are used only for the display of the flag of the United States of America.

4. There shall be only one (1) pole per lot.

5. The size of the flag shall be the size of a Post flag—8 feet 11⅜ inches hoist by 17 feet fly, of nylon, as set forth in United States Army regulations AR 840–10, Chapter 2, entitled Flag of the United States.

6. The size of the flag may be the size of a Garrison flag,—20 feet hoist by 38 feet fly, of nylon-wool, this flag to be flown *only* on holidays as listed in AR 600–25 and other important occasions, as designated by Presidential Proclamation.

## SECTION II

All Ordinances or parts of Ordinances inconsistent with the provisions of this Ordinance are hereby repealed as to such inconsistencies only.

## SECTION III

This Ordinance shall take effect immediately upon final passage and publication as required by law.

APPROVED: November 26, 1985
BOROUGH OF PARAMUS
BY /s/ Joseph Cipolia
JOSEPH CIPOLIA, Mayor

ATTEST:

BY /s/ Joan C. Masel
JOAN C. MASEL, RMC: Borough Clerk