583 A.2d 419

TOWN OF PHILLIPSBURG, PLAINTIFF, v. WAYNE A. SCHULTZ, DEFENDANT.

Superior Court of New Jersey
Law Division Warren County

September 18, 1990.

*John Pursel* for The Town of Phillipsburg.

*Wayne A. Schultz* Pro Se.

## OPINION

AAROE, J.S.C. (retired and temporarily assigned on recall).

Defendant co-signed deeds for two dwelling units in the Town of Phillipsburg. They were delivered and recorded. Thereup-

on, the Town charged him with their sale without first obtaining occupancy permits. The municipal court found him guilty and assessed a fine of $500 and costs on each charge.

On appeal, the defendant contends the municipality has no authority to require a certificate of occupancy by a vendor before such sale.

Research discloses no case on the subject in this State. This Court agrees with the defendant and reverses.

*N.J.S.A.* 40:48–2.12a provides that:

"The governing body of any municipality may make, amend, repeal and enforce ordinances to regulate buildings and structures and their use and occupation to prevent and abate conditions therein harmful to the health and safety of the occupants of the said buildings and structures and the general public in the municipality."

*N.J.S.A.* 40:48–2.12m provides:

"The governing body of a municipality may adopt ordinances regulating maintenance and condition of any unit of dwelling space, upon the termination of occupancy, in any residential rental property for the purpose of the safety, healthfulness, and upkeep of the structure and the adherence to such other standards of maintenance and condition as are required in the interest of public safety, health and welfare. Such ordinances shall require the owner of any residential rental property, prior to rental or lease involving a new occupancy of any unit of dwelling space in such property, to obtain a certificate of inspection or occupancy for the unit of dwelling space. Such certificate of inspection or occupancy shall be issued by the municipality upon the inspection of the unit of dwelling space by a municipal inspector and his findings that such unit meets the standards provided by law. The municipality may charge a fee to fund the costs of the inspections and the issuance of the certificates. For purposes of this act "owner" means the person who owns, purports to own, or exercises control of any residential rental property."

## The municipal ordinance provided in pertinent part:

"WHEREAS, the residents of the Town of Phillipsburg feel that it would be in the best interests of the citizens of the Town to provide for inspection upon sale of, rental, re-rental of rental properties within the Town, and

WHEREAS, the Legislature of the State of New Jersey has provided specific authority for said enactments specifically under 40:48–2.12m.

## THEREFORE, BE IT ORDAINED as follows:

That no person, firm or corporation shall sell, rent, lease, suffer or allow any person or persons, firms, or corporations ... to live in or inhabit as a tenant any house, apartment or other structure, including a mobile home and modular unit, in the Town of Phillipsburg unless said person, firm or corporation shall

first obtain from the Town of Phillipsburg an occupancy permit in accordance with this ordinance.

It is noted that the ordinance prohibits a *sale* without an occupancy permit. The statute does not appear to grant such power. It appears only to allow a municipality to "... regulate buildings and structures and their *use* and occupation ..."

"There can be no definition of "property" which does not include the power of disposition and sale ..." *Thompson, Real Property* (1980 replacement), V.I, p. 31.

"The idea of the alienation of realty is inseparable from the idea of a property right, and the power to alienate is, therefore, an incident of dominion and title, and any interest in realty is subject to voluntary and involuntary alienation." 73 C.J.S., *Property*, § 33.

It is axiomatic that our constitution protects the right to dispose of property equally with ownership. See *National City Bank v. Del Sordo*, 16 *N.J.* 530 (1954) at p. 541, 109 *A.*2d 631.

Certainly enforcement of the ordinance would be impossible in many situations. The so called "handymans special" would disappear. Builders unable to complete construction of residences or apartments, due to financial or other problems, would be unable to unload—to sell their interest to some other party. Heirs and devises would be unable to sell their interest in a property if it was not habitable. An owner's right to sell any but habitable buildings would be prohibited.

It is well settled that a municipality is but "a creature of the State, capable of exercising only those powers granted to it by the Legislature". *Moyant v. Paramus*, 30 *N.J.* 528, 154 *A.*2d 9 (1959).

The statutes set forth *"Supra"* do not appear to grant a municipality the power to regulate the *"sale"* of residential rental property. Without this power the ordinance is void and the Municipal Court's judgment reversed.