255 N.J. Super. 682 (1991)
605 A.2d 1160
UPPER DEERFIELD TOWNSHIP, A MUNICIPAL CORPORATION, PLAINTIFF,
v.
SEABROOK HOUSING CORP., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Cumberland County.
Decided January 28, 1991.
*685 Theodore E. Baker (Michael Brooke Fisher, Township Solicitor) for plaintiff.
Gerald J. Neski (Adler, Neski, Johnson & Garofola) for defendant.
SERATA, J.S.C.
This is an appeal from a conviction in the Upper Deerfield Township Municipal Court. The violation was of municipal *686 ordinance $ 50-7 of the Township Code which requires a certificate of occupancy prior to the sale of an existing structure. This court gave notice to the Attorney General pursuant to R. 4:28-4 who did not see fit to intercede.
Appellant, Seabrook Housing Corporation (hereinafter called Seabrook) owned real property located in Upper Deerfield, Cumberland County. The property was transferred by deed on November 15, 1989. The property had been boarded up for a considerable time prior to the transfer and was admittedly non-inhabitable. This property has been vacant for 15 years and according to the testimony was not suitable nor intended for habitation. Inspection was not conducted prior to the sale by the township housing officer and no certificate of occupancy was issued. After the hearing, Seabrook was fined $100, $25 court costs and was mandated to comply with the order within two weeks from the date of conviction. Appeal was taken and judgment was stayed.
The defendant contests the validity of the ordinance.
The burden of establishing the invalidity of the zoning ordinance is upon the person attacking it. Vickers v. Twp. Comm. of Gloucester, 37 N.J. 232, 181 A.2d 129 (1962), cert. den. 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963). The burden is to show affirmatively that the ordinance bears no reasonable relationship to the public health, morals, safety or welfare.
A zoning ordinance is insulated from attack by a presumption of validity, which may be overcome by a showing that the ordinance is "clearly arbitrary, capricious or unreasonable, and plainly contrary to fundamental principles of zoning or the (zoning) statute." Bow & Arrow Manor v. Town of West Orange, 63 N.J. 335, 343, 307 A.2d 563 (1973). Accord Zilinsky v. Zoning Bd. of Adjustment of Verona, 105 N.J. 363, 368, 521 A.2d 841 (1987); Taxpayers Ass'n of Weymouth Township, Inc. v. Weymouth Township, 80 N.J. 6, 20, 364 A.2d 1016 (1976).
*687 The statutes upon which the ordinance is based are N.J.S.A. 40:48-2 and N.J.S.A. 40:48-2.12a and read as follows:

N.J.S.A. 40:48-2
Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this State, or of the United States, as it may deem necessary and proper for the good government order and protection of persons and property and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle or by any law.

N.J.S.A. 40:48-2.12a
... municipality may regulate buildings, structures, their use and occupancy. The governing body of any municipality may make, amend, repeal and enforce ordinances to regulate buildings and structures and their use and occupation to prevent and abate conditions therein harmful to the health and safety of the occupants of said buildings and structures and the general public in the municipality.
Upper Deerfield Municipal Ordinance 338, Chapter 50.7 enacted by the township reads as follows:
a. No owner or agent thereof shall hereafter sell, rent, lease or let to any person or persons, whether or not for a consideration, any dwelling, dwelling unit, commercial, office, industrial, warehousing or storage, assembly or recreational space or facility within any structure or building or premises, except vacant land for agricultural purposes, unless a certificate of occupancy shall first have been obtained from the Housing Officer. Said certificate shall certify that the building or unit, premises or combination thereof is fit for human habitation and complies with the requirements of all ordinances of the Township of Upper Deerfield which relate to purposes of use thereof. No tenant or occupant shall sublease, sublet or permit use of a dwelling or lodging unit, structure or building or premises, regardless of use, without following the above procedure.
b. For the purposes of this chapter, any real estate broker and/or agent rendering services to an owner in the selling, renting or leasing of property as set forth in section A shall be deemed to be an agent of the owner. In the event the agent is charged with a violation of this ordinance, as an affirmative defense to said charge, the agent may present a notice to the owner from the agent notifying the owner of the obligation of the owner to obtain a certificate of occupancy, provided that said notice is either sent by certified mail with a receipt or seller has affixed seller's signature to said notice.
Zoning ordinances must not infringe on the constitutional guaranties of the state or nation. They must be reasonable in their scope, operation, and apply without unnecessary discrimination. They are sustained, unless, as in this situation *688 it is shown that there is no substantial relation between them and the furtherance of any of the general objects which justify them.
The right to possess property includes the right to dispose of it and the right of disposition is protected equally with that of ownership. National City Bank of New York v. Del Sordo, 16 N.J. 530, 109 A.2d 631 (Law Div. 1954).
Provisions governing occupancy permits will generally be upheld if they are reasonable and within the general limitations on the exercise of municipal powers, provided the manner of their adoption conforms to the rules governing the methods of adoption of ordinances, resolutions and by-laws generally. While occupancy permits may be granted pursuant to an ordinance as a means of implementing the zoning powers conferred by statute, a zoning ordinance under which a permit may be required before selling of premises must be reasonable and bear a substantial relationship to public health, safety and general welfare.
An ordinance requiring a person using property for a particular purpose to obtain a certificate of occupancy before selling the premises depends for its validity on the right of the municipality to prohibit such use, Frank J. Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183, 147 A. 555 (Sup.Ct. 1929). Hence, where such prohibition in its application to particular property bears no substantial relationship to the public health, safety or general welfare, the provision requiring a certificate of occupancy therefor is invalid. Supra at 184, 147 A. 555.
No exercise of police powers may be so arbitrary or unreasonable as to violate standards of due process of law. This means that municipal enactments may not transcend public need and must bear real and substantial relationship to objectives of ordinance. Hudson Circle Servicenter, Inc. v. Kearny, 70 N.J. 289, 359 A.2d 862 (1976).
*689 In this case, the ordinance requiring an occupancy permit before an abandoned vacant structure may be sold does not bear a real and substantial relationship to a legitimate government purpose.
It is axiomatic in that no exercise of the police power may be so arbitrary or unreasonable as to violate standards of due process. Hutton Park Gardens v. West Orange Town Council, 68 N.J. 543, 560, 350 A.2d 1 (1975); Moyant v. Paramus, 30 N.J. 528, 544, 154 A.2d 9 (1959); Roselle v. Wright, 21 N.J. 400, 409-410, 122 A.2d 506 (1956). See also State v. Berger, 71 N.J. 206, 364 A.2d 993 (1976).
The ordinance does not serve any governmental purpose. The structure was not occupied at the time of sale or issuance of the complaint, it was boarded up. It was intended to be demolished. The introductory language of the township ordinance provides in Chapter 50 (which is being amended) that its intention is "to establish the minimum regulations governing the conditions and maintenance of all property, buildings and structures by providing the standards for supplying utilities and facilities and other physical things and conditions essential to insure that structures and premises are safe, sanitary and fit for occupation and use." (Emphasis added) Thus, the introductory language supports a contention that the occupancy permit is needed for occupation and use of the premises, and not for an abandoned vacant structure. Again, this is a clear indication that the mechanism for a certificate of occupancy is that a permit is needed for occupation and use of the premises, and not if the structure is intended for other purposes than habitation.
Substantive due process requires that zoning regulations be reasonably exercised; they may be neither unreasonable, arbitrary nor capricious; the means chosen must have a real and substantial relation to the ends sought to be achieved and the regulation must be reasonably designed to resolve the problem without imposing unnecessary and excessive restrictions *690 on the use of private property. Berger v. State 71 N.J. 206, 364 A.2d 993 (1976).
A municipal corporation's acts utterly beyond its jurisdiction are ultra vires in primary sense and void. Summer Cottagers' Association of Cape May v. City of Cape May, 19 N.J. 493, 117 A.2d 585 (Law Div. 1955). Upper Deerfield Township's issuance of a fine for lack of obtaining an occupancy permit before selling the abandoned structure is an act in excess of powers.
This court takes notice of Phillipsburg v. Schultz, 244 N.J. Super. 715, 583 A.2d 419 (1990), wherein Judge Aaroe comes to the same conclusion.
Since the ordinance stands for the proposition that the municipality may require owners of vacant, abandoned structures to acquire occupancy permits before selling said structures, the ordinance is contrary to the fundamental principles of zoning. Furthermore, it is arbitrary, capricious and unreasonable because it is designed to achieve an unauthorized purpose through subversion of the zoning power. The ordinance is therefore invalid. The decision of the municipal court is reversed. Fine to be vacated.