**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2097-19

MICHAEL MILLER,

     Plaintiff-Appellant,

v.

MAYOR AND TOWNSHIP
COUNCIL  OF THE TOWNSHIP
OF LIVINGSTON, THE
TOWNSHIP OF LIVINGSTON,
and THE LIVINGSTON
PLANNING BOARD,

     Defendant-Respondents,

and

LIVINGSTON MALL VENTURE,

     Intervenor-Respondent.

_____

        Argued February 26, 2021 – Decided March 18, 2021

        Before Judges Mayer and Susswein.

        On appeal from the Superior Court of New Jersey, Law
        Division, Essex County, Docket No. L-7590-16.

Thomas P. Scrivo argued the cause for appellant (O'Toole Scrivo, LLC, attorneys; Thomas P. Scrivo and Lawrence S. Cutalo, of counsel and on the briefs; James H. Leckie, on the briefs).

James T. Bryce argued the cause for respondents (Murphy McKeon PC, attorneys; James T. Bryce, on the brief).

James M. Hirschhorn argued the cause for intervenor-respondent (Sills Cummis & Gross, PC, attorneys; Mark S. Olinsky, James M. Hirschhorn, and Jason L. Jurkevich, of counsel and on the brief).

PER CURIAM

Plaintiff Michael Miller appeals from a December 13, 2019 final judgment in favor of defendants Mayor and Township Council of the Township of Livingston (Council) and the Township of Livingston (Township), and defendant-intervenor Livingston Mall Venture (LMV) dismissing his complaint in lieu of prerogative writs in its entirety. We affirm for the reasons set forth in comprehensive twenty-four page written decision issued by Judge Bahir Kamil.

We briefly summarize Judge Kamil's thirty-four paragraph findings of fact. In September 2016, the Council adopted an ordinance, modifying the zoning regulations in the Township's D-S District, to allow construction of a four-story hotel and a one-story freestanding restaurant within the municipality. The Livingston Mall, consisting of eighty-three-acres of property, is located in

the D-S District.  A seven-acre vacant lot within the D-S District, owned by LMV, is tear drop shaped and paved.[1]  The tear drop property is adjacent to an existing Sears store and parking areas for the Livingston Mall and Sears.  LVM's property was primarily used as a "storage and staging area" and rarely used for parking even during the peak shopping season.

The D-S District is adjacent to an R-1 residential district with existing single family-homes.  These homes are located across from the Livingston Mall. A four-lane highway and berms with mature vegetation screen the Livingston Mall from the homes.  Many of these homes have existed near the Livingston Mall for more than thirty years.  Plaintiff resides in a home near the D-S District.

In December 2007, the Livingston Planning Board (Board) adopted a Reexamination and Comprehensive Revision of the Master Plan (2007 Master Plan).  The 2007 Master Plan sought "to preserve and enhance the primarily residential character of the community; . . . maintain a balance of residential, business and public uses; and . . . preserve and improve the quality of life."  The document recommended exploring alternative uses for the tear drop property in the D-S District.

---

[1]  We refer to LMV's seven-acre lot as the tear drop property because it is "triangular in shape . . . ."  The tear drop property is "removed and remote from the main mall building and . . . the rest of the parking fields."

A-2097-19

In 2015, LMV approached the Township seeking to amend the D-S District's zoning regulations to allow a hotel and restaurant. The Township's first proposal, Ordinance 1-2016, met with public backlash because objectors believed the proposed ordinance did not comport with the neighboring residential areas and would increase traffic in the area. The Township then commissioned a traffic study to consider the impact of future development within the D-S District.

The study examined traffic at various intersections and projected the potential impact of ten proposed development projects within the D-S District, including plans for a hotel and restaurant. While the traffic study found the cumulative effects of such developments would increase traffic, congestion, and delays, the study concluded any detrimental traffic impacts could be offset by low-cost improvement strategies, totaling approximately $30,000. According to the study, the Township's existing traffic levels would be maintained or improved even in the event all ten proposed development projects were constructed.

Based on the traffic study, and considering the public comments related to Ordinance 1-2016, the Township proposed Ordinance 27-2016 (Ordinance) to address future development within the D-S District. The proposed Ordinance

4

provided any restaurant within the zone would be a "full-service establishment" rather than a fast-food chain.

On August 17, 2016, the Board determined the Ordinance was consistent with the 2007 Master Plan. On September 19, 2016, the Council unanimously voted in favor of the Ordinance, concluding LMV's project would positively impact the municipality.

On November 3, 2016, plaintiff filed a complaint in lieu of prerogative writs against defendants alleging the Ordinance constituted illegal spot zoning, was inconsistent with the 2007 Master Plan, and was arbitrary, capricious, and unreasonable. LMV moved to intervene, which the judge granted. The Council and Township answered the complaint.

After completion of discovery, Judge Kamil conducted a bench trial over the course of four trial dates. Plaintiff's planning expert, Jeffrey D. Stiles, and defendants' planning expert, Paul A. Phillips, presented testimony regarding the validity of the Ordinance. At the conclusion of the hearing, after reviewing the testimony and evidence presented, Judge Kamil issued a thorough opinion, finding the defense expert "more credible, authoritative, and persuasive as to the matter before the court." The judge addressed at length the reasons he found defendants' planning expert more credible than plaintiff's planning expert,

5

referring to the defense expert's "extensive knowledge and expertise in [m]unicipal land use development including his prior experience with malls." The judge found the defense expert admitted "there is always some impact" with zoning ordinances but concluded the challenged Ordinance had "no significant impact, substance impact 'substantially detrimental in nature.'" Defendants' expert opined the Ordinance "was [a] reasonable exercise of Township power to regulate." Even during cross-examination, the judge noted the defense planning expert "was not shaken, he evaded no questions, and he was very fluid in his responses." Thus, Judge Kamil concluded the defense expert's his testimony was "credible, truthful and straightforward."

The judge then identified several instances where he found the testimony of plaintiff's planning expert less credible and inconsistent. The judge recited the many concessions made by plaintiff's planning expert during his testimony. For example, plaintiff's expert admitted the 2007 Master Plan was "conceptual in nature and fairly broad and fairly vague" and recommended the municipality "explore alternatives to the teardrop section of the mall . . . ." Plaintiff's planner even "conceded that there was probably a need for a hotel" in the municipality. However, in reviewing the testimony of plaintiff's planning expert, the judge found "most incredulous" the expert's opinion that the vacant tear drop property

6

was not underutilized. The judge determined the opinions offered by plaintiff's expert "with regard to destabilization and disinvestment in the residential community [was] unsupported by any test, study or empirical data." Instead, the judge found the opinions expressed by plaintiff's expert were based on "his gut instinct and professional judgment . . . ."

Based on his credibility determinations regarding the expert testimony, the judge found plaintiff "failed to establish that Ordinance 27-2016 [was] arbitrary, capricious, or unreasonable" to invalidate the Ordinance. The judge agreed with the Council's determination "the development of a hotel and freestanding restaurant in the tear-drop area in accordance with the specifications set forth in Ordinance 27-2016 is an 'appropriate use or development of land' and promotes the general welfare of Livingston." He also concluded "Ordinance 27-2016 [was] substantially consistent with the 2007 Master Plan." In addition, the judge rejected plaintiff's argument that the Ordinance violated the uniformity clause of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, finding "[t]he development of a hotel and freestanding restaurant simply would not be possible in any lot other than the lot housing the Livingston Mall . . . ." The judge elaborated by explaining "this was a rational regulation based on the different conditions of the lots within the

7

D-S District and did not treat 'similarly situated property' differently, as no other lot was similarly situated to house a hotel and freestanding restaurant."

Judge Kamil also rejected plaintiff's contention the Ordinance constituted illegal spot zoning. He concluded "the Township's desire to develop the underutilized teardrop area of the D-S District was well documented and supported by the competent and credible evidence at trial." While the judge acknowledged "LMV may have simultaneously benefitted from the adoption of Ordinance 27-2016, this court finds the Ordinance was [a] reasonable exercise of authority and adopted consistent with and in furtherance of the 2007 Master Plan scheme to develop the tear-drop section of the D-S District largely comprising Livingston Mall." After rendering detailed findings of fact and setting forth conclusions of law, the judge entered a final judgment in favor of defendants and dismissed plaintiff's complaint in lieu of prerogative writs.

On appeal, plaintiff argues the judge erred in determining he failed to overcome the presumption of validity of the Ordinance by demonstrating the Ordinance was arbitrary, capricious, or unreasonable. He also claims the judge's dismissal of his complaint in its entirety was erroneous. Specifically, plaintiff renews the same arguments presented to the trial court regarding the Ordinance, including the Ordinance constituted illegal spot zoning, violated the uniformity

clause, and was inconsistent with the purposes of the MLUL and the 2007 Master Plan. In addition, plaintiff challenges the judge's credibility determinations regarding the planning experts.

Our role in reviewing a zoning ordinance is narrow. Zilinsky v. Zoning Bd. of Adjustment of Verona, 105 N.J. 363, 367 (1987). Courts recognize that because of familiarity with their communities, local officials "are best suited to make judgments concerning local zoning ordinances." Pullen v. Twp. of S. Plainfield Planning Bd., 291 N.J. Super. 1, 6 (App. Div. 1996). Thus, we presume a governing body's action in adopting an ordinance is valid. Jayber Inc. v. Mun. Council of W. Orange, 238 N.J. Super. 165, 173 (App. Div. 1990). We defer to a municipal governing body's judgment "so long as its decision is supported by the record and is not so arbitrary, unreasonable or capricious as to amount to an abuse of discretion." Ibid. A party challenging an ordinance must overcome its presumption of validity. Riggs v. Long Beach, 109 N.J. 601, 611 (1988). We may not substitute our judgment for that of the municipal body unless there is a clear abuse of discretion. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 82 (2002) (citing Med. Realty Assocs. v. Bd. of Adjustment of Summit, 228 N.J. Super. 226, 233 (App. Div. 1988)).

In evaluating whether a zoning ordinance is arbitrary, capricious, or unreasonable, a court "will not evaluate the enactment nor review the wisdom of any determination of policy which the legislative body might have made." Singer v. Twp. of Princeton, 373 N.J. Super. 10, 20 (App. Div. 2004) (citing Hutton Park Gardens v. W. Orange Township Council, 68 N.J. 543, 565 (1975)). The "fundamental question . . . is whether the requirements of the ordinance are reasonable under the circumstances." Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 290 (2001) (quoting Vickers v. Twp. Comm., 37 N.J. 232, 245 (1962)).

Having reviewed the record, including the hearing transcripts and exhibits, we affirm for the reasons stated by Judge Kamil. We add only the following comments.

Based on our review, the Ordinance did not constitute impermissible spot zoning. Spot zoning refers to a zoning ordinance that "benefit[s] particular private interests rather than the collective interests of the community." Taxpayers Ass'n of Weymouth Twp. v. Weymouth Twp., 80 N.J. 6, 18 (1976), cert. denied, 430 U.S. 977 (1977). "An ordinance enacted to advance the general welfare by means of a comprehensive plan is unobjectionable even if the ordinance was initially proposed by private parties and these parties are in fact

10

its ultimate beneficiaries." Gallo v. Mayor & Twp. Council of Lawrence Twp., 328 N.J. Super. 117, 127 (App. Div. 2000) (quoting Taxpayers Ass'n of Weymouth Twp., 80 N.J. at 18).

Here, Judge Kamil concluded the Ordinance benefitted the entire municipality, not just LMV. The judge found the municipality lacked a hotel facility and therefore it would be a benefit to all residents if a hotel were to be constructed on the underutilized tear drop property.

Nor did the Ordinance violate the uniformity clause as argued by plaintiff. The uniformity clause, N.J.S.A. 40:55D-62(a), "does not prohibit classifications within a district so long as they are reasonable and so long as all similarly situated property receives the same treatment.'" Rumson Estates, Inc. v. Mayor & Council of Fair Haven, 177 N.J. 338, 344 (2003). As stated by Judge Kamil, the tear drop property was the only viable lot for a hotel and restaurant in the D-S District and thus it was permissible for the Ordinance to be drafted in contemplation of such development of that parcel without violating the uniformity clause.

We also agree with Judge Kamil's finding the Ordinance was not inconsistent with the 2007 Master Plan. The requirement that an ordinance be "substantially consistent" with the master plan "permits some inconsistency,

11

provided it does not substantially or materially undermine or distort the basis provisions and objectives of the Master Plan." Riya Finnegan, LLC v. Twp. Council of S. Brunswick, 197 N.J. 184, 192 (2008) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 384 (1995)); see also N.J.S.A. 40:55D-62(a). Judge Kamil found "the 2007 Master Plan identified the tear-drop section of the D-S District as underutilized and recommended alternative uses should be explored." He also determined a hotel and freestanding restaurant in the D-S District, which "already houses a regional mall [was] appropriate and minimize[d] disruptive impacts to those . . . surrounding areas and constitutes a reasonable exercise of Council authority."

Based on our review of the record, we are satisfied Judge Kamil's findings were supported by sufficient credible evidence, particularly his credibility determinations regarding the planning experts. The probative weight to be accorded to "an expert's opinion depends not only upon the expert's analysis, but also upon the facts offered in support of the opinion." E. Orange City v. Livingston Tp., 15 N.J. Tax 36, 47 (Tax 1995) (citing Dworman v. Tinton Falls, 1 N.J. Tax 445 (Tax 1980), aff'd o.b., 180 N.J. 366 (App. Div. 1981)). Here, Judge Kamil provided a detailed statement of reasons why the opinions and analyses provided by the defense planning expert were factually supported and

more credible than the opinions and analyses offered by plaintiff's planning expert.

In sum, the dismissal of plaintiff's complaint in lieu of prerogative writs was proper for the reasons explained in Judge Kamil's through and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION